GENERAL SUPPLY CO. v. BARTH & BARTH

(November 18, 1929. Opinion and Decree.)

Weiss, Yarrut & Stich, of New Orleans, attorneys for defendants, appellants.

O. S. Livaudais, of New Orleans, attorney for plaintiff, appellee.

JANVIER, J. Plaintiff was engaged in the business of selling paints and painter's materials. Defendants were engaged in the painting of houses. For something over a year defendants had been dealing with plaintiff and had purchased from them paints and other supplies. This suit is for the collection of an alleged open account balance of $685.65. The defense is in effect a general denial.

Plaintiff, through its officer, testified positively to the delivery of all of the articles set forth in the statement attached to the petition and the defendants' denial that they received the articles is most evasive and vague. In fact, the attitude of defendants appears to us to be most unreasonable. One of them, William Barth, testified that he would never pay for any article unless the vendor could produce his signed receipt. In an attempt to substantiate their defense the defendants produced as a witness one W. F. McCabe. The purpose of putting him on the stand was, apparently, to prove that defendants never accepted deliveries of goods without executing receipts therefor. The effect of McCabe's testimony is very much weakened by the showing that the defendants are now contending that they did not receive several articles which had been sold to them by McCabe when he was working for plaintiffs. He identified invoices covering goods sold by him to defendants which they deny having received. The effect of this is,

in our judgment, proof that those goods at least were sold and delivered, although defendants deny receiving them.

The record is voluminous, consisting of nearly two hundred pages of testimony. Nothing but questions of fact are involved and in our judgment the principle that an appellate court should not overturn the finding of a trial court on a question of fact, unless it is manifestly erroneous, is particularly applicable here. The judgment rendered by the lower court was in favor of plaintiff for $685.65, with legal interest from judicial demand, and as we think that judgment is correct, it is affirmed.